IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER JACKSON,

                                                          ORDER

           Plaintiff,

                                                        16-cv-542-bbc

    v.

RANDALL HEPP, JUDY SMITH,
DEBRA BOYD, RICK RAEMISCH,
GARY HAMBLIN, M. OLSEN,
P. SCHULZ, TAMMY MAASSEN,
CAPT. COOK, CAPT. FOSTER,
CAPT. JENSEN, LT. LACOST,
SGT. GARCIA, SGT. GEROGE,
DGT. GILLET, C/O LEE, T. MARCO,
C/O OLSON, C/O PETKOVSEK,
C/O BIDDLE, DEBRA TIDQUIST,
KENNETH ADLER, GEORGIA KOSTOHRYZ,
MS. DOUGHERTY, MR. FLIEGER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated September 27, 2016, dkt. #7, I reviewed pro se prisoner Sylvester Jackson's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A and determined that he was attempting to join 12 sets of unrelated claims against different defendants, in violation of Fed. R. Civ. P. 20 and 21. I gave plaintiff until October 12, 2016, to identify which of the 12 sets of claims he wanted to pursue in this case, which claims he wanted to pursue in a separate lawsuit and which claims he wanted to dismiss without prejudice to his refiling at a later date.

On October 13, 2016, the court received a response from plaintiff in which he stated that he wished to proceed with what the court had called Lawsuit #1. Dkt. #8. However, he did not say whether he wanted to dismiss the remaining claims without prejudice or pursue them in new lawsuits. Instead, plaintiff stated that he intended to file a motion for reconsideration of the order "within a few days." Id. Because a motion for reconsideration could change the scope of the screening order, I chose to refrain from screening the merits of Lawsuit #1 until plaintiff filed his motion for reconsideration.

Now plaintiff has filed what he calls a motion for an extension of time to file his motion for reconsideration. In particular, plaintiff says he needs two more weeks because "he is experiencing an unknown medical condition in both hands that extremely limits his ability to write without stopping to ease the pain in his hand." Dkt. #9. He provided no medical evidence to support his allegation.

I did not set a deadline for filing a motion for reconsideration, so I am denying plaintiff's motion for an extension of time as unnecessary. However, I continue to believe that it makes little sense to screen the merits of the complaint until plaintiff either files his motion for reconsideration or informs the court that chooses not to file one. Accordingly, I will set a new deadline for plaintiff to make that choice.

Until plaintiff makes his choice, this case cannot proceed. Therefore, if plaintiff fails to respond by the deadline, I will direct the clerk of court to close the case administratively. If plaintiff is unable to meet the deadline for medical reasons, he should file medical records and any other evidence he has to support his allegation.

2

ORDER

IT IS ORDERED that

1. Plaintiff Sylvester Jackson's motion for an extension of time, dkt. #9, is DENIED as unnecessary.

2. Plaintiff may have until November 15, 2016, to either (1) file a motion for reconsideration of the September 27, 2016 order; OR (2) inform the court that he is not filing a motion for reconsideration of the September 27, 2016 order and then identify which Lawsuits identified in that order he wishes to pursue in separate cases and which Lawsuits he wishes to dismiss without prejudice to his refiling them at a later date. If plaintiff does not respond by November 15, 2016, I will direct the clerk of court to close the case administratively. If that happens, plaintiff may file a motion to reopen the case for good cause at a later date.

Entered this 1st day of November, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge